RED BANK SANITARY SEWER COMPANY, A BODY CORPO-
RATE, PLAINTIFF-RESPONDENT, v. JAMES FERRY
COMPANY, INCORPORATED, A BODY CORPORATE,
DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the defendant-appellant, *Applegate, Stevens, Foster &
Reussille* (*Harry Walter Gill*, of counsel).

For the plaintiff-respondent, *Quinn, Parsons & Doremus*
(*Theodore D. Parsons*, of counsel).

The opinion of the court was delivered by

KAYS, J. The suit was begun by the Red Bank Sanitary
Sewer Company to recover damages from the James Ferry
Company, Incorporated, on the allegation that the defendant
company had prevented the plaintiff from performing a sub-
contract for the installation of a sewer on Ocean avenue in
the borough of Deal. The contract was made in 1929 and
was evidenced by a series of letters which contained the terms
of the agreement between them. The defendant company had
been awarded a contract by the borough of Deal to construct
a sewer according to certain plans and specifications pre-
pared by Daniels & Kapen, consulting engineers, and by
James Strollo, borough engineer. Under the contract be-

tween the borough and the defendant company the contractor was permitted to subcontract any part of the work. Among other things the specifications provided that all work must be approved by the borough engineer of the borough of Deal. It developed at the trial that the defendant company had not furnished to the plaintiff the grades and levels to guide the plaintiff company in performing its work under the contract, according to the plans and specifications. It was claimed that the borough engineer refused to establish these grades and levels for the reason that the defendant company, which had contracted with the borough, had failed to comply with certain requirements as provided in the contract or required by the advertisement for bids. There was nothing in the agreement which required the plaintiff company to obtain these levels from the borough. It also developed that the defendant company had not obtained the consent of the borough to sublet the work to the plaintiff company which was required by the contract between the defendant and the borough. There was nothing in the contract which required the plaintiff to obtain such consent.

The trial judge, after hearing the facts in the case, refused to direct a verdict for the defendant and allowed the case to go to the jury. The judge charged the jury that the plaintiff claimed that it was ready at all times to perform the contract with the defendant and that because of the failure of the defendant to furnish the grades the plaintiff claimed that it was prevented from so doing. This question was left by the court to the jury for its determination. There were no exceptions taken to the judge's charge. The only question before this court is whether or not the judge properly refused to direct a verdict for the defendant.

We are of the opinion that the trial court was justified in its refusal to direct a verdict. The plaintiff had entered into a contract with the defendant for the doing of certain work and the borough was not obligated to the plaintiff to furnish the grades for it, nor was it the duty of the plaintiff to obtain such grades from the borough. The duty devolved upon the

defendant to furnish or to see to it that such grades were furnished to the plaintiff. The defendant's failure was a question for the jury to decide.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.